<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EDWIN DANIEL BECERRA CORDERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DELANEY HALL DETENTION FACILITY, *et al.*,<br><br>Respondents. | No. 26cv5772 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by Sarai Nathaly Viloria Molina as a "next friend" for Petitioner Edwin Daniel Becerra Cordero, an immigration detainee confined in the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall").  D.E. 2 ("Petition" or "Pet.") at 9. Molina also filed an emergency motion seeking Petitioner's immediate release. D.E. 3 ("Emergency Motion" or "Emergency Mot.").

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Court will **ADMINISTRATIVELY TERMINATE** this matter.

I.      **BACKGROUND**

On May 20, 2026, Petitioner submitted the Petition, signed "Sarai Nathaly Viloria Molina." Pet. at 9; Emergency Mot. at 2.  Molina raises one ground for relief on Petitioner's behalf:  that his

continued detention by immigration authorities violates his Fifth Amendment right to due process based on his fundamental right to family unity.  Pet. at 7.  For relief, Molina requests that the Court order Petitioner's immediate release, or alternatively, grant a bond hearing and set a reasonable bond amount, and release Petitioner pending the bond hearing because his detention is causing emotional and financial hardship to his family.  *Id.* at 8.

The Petition alleges that Petitioner has a pending asylum application before United States Citizenship and Immigration Services ("USCIS") and has complied with immigration procedures.  *Id.* at 7.  Petitioner is detained in Delaney Hall Detention Facility in Newark, New Jersey.  *Id.* at 1.  He is the primary financial and emotional support for his family, including a newborn child.  *Id.* at 7.  Molina signed Petitioner's Emergency Motion as "NEXT FRIEND OF EDWIN DANIEL BECERRA CORDERO."  Emergency Mot. at 3.  Attached to the Petition is the Birth Certificate of Milan Daniel Becerra Viloria, born on January 10, 2026, whose father is Petitioner and mother is Sarai Nathaly Viloria Molina.  D.E. 2-1 at 2.

In addition, the Emergency Motion states that: (1) Petitioner was detained on April 30, 2026; (2) he has a pending asylum application; (3) he has no criminal history and has complied with immigration procedures; (4) Petitioner is the father of a child born on January 10, 2026; (5) the child's mother is unemployed for postpartum recovery and is experiencing substantial emotional and financial hardship; (6) Petitioner's continued detention causes harm to Petitioner, his partner, and their child; and (7) Petitioner does not present a danger to the community or a flight risk.  Emergency Mot. at 1-2.

## II.    JURISDICTION

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3) to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

## III.    DISCUSSION

Molina seeks to file the Petition on Petitioner's behalf.  Pursuant to 28 U.S.C. § 2242, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." *See also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury or by a person authorized to sign it under § 2242). "[N]ext friend" standing . . . has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

To qualify for next friend status, that person must satisfy two requirements.  "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified).  "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation modified).  "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

Molina likely meets the requirements to serve as Petitioner's next-friend.  Nevertheless, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021)

(quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Therefore, the Court will administratively terminate this matter, subject to reopening if Molina obtains counsel or Petitioner files a *pro se* habeas petition.[1] *See e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for Petitioner to cure defects in next friend application).

## IV.    CONCLUSION

For the reasons explained above,

**IT IS**, on this 20th day of May, 2026,

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** the Petition, D.E. 2, and the Emergency Motion, D.E. 3; and it is further

**ORDERED** that Petitioner may reopen this matter by submitting (and signing) his own habeas petition within **45 days** of the date of entry of this Order; alternatively, Molina may obtain counsel and file an amended petition as next friend; and it is finally

**ORDERED** that the Clerk of Court shall send copies of this Memorandum Order and a form "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" to Petitioner at Delaney Hall Detention Facility and to Sarai Nathaly Viloria Molina.

**/s/ Evelyn Padin**

Evelyn Padin, U.S.D.J.

---

[1] The United States Department of Justice administers a list of pro bono legal services for individuals in immigration proceedings. *See* U.S. Dep't of Just., Exec. Off. for Immigr. Rev., List of Pro Bono Legal Service Providers, https://www.justice.gov/eoir/file/probonofulllist/download. Petitioner and Molina may reference the list for assistance in seeking counsel.